

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,863

### EX PARTE SCOTTY MURL CASSELMAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 8983-A IN THE 132ND DISTRICT COURT
### FROM SCURRY COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to possession of a controlled substance in a drug free zone, and was sentenced to forty years' imprisonment.

Applicant contends, *inter alia*, that his counsel rendered ineffective assistance because he incorrectly advised Applicant that he would have to waive his right to appeal if he entered an open plea of guilty, and would have to seek the trial court's permission to appeal. We remanded this application to the trial court for findings of fact and conclusions of law.

The trial court has determined that counsel did advise Applicant incorrectly, and that counsel's performance was deficient in that respect. However, the trial court finds that Applicant was not prejudiced by counsel's incorrect advice. We disagree. We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 8983-A from the 132nd District Court of Scurry County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.


Delivered: August 22, 2012
Do not publish